UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re

JINNIE JINHUEI CHANG CHAO,

Debtor.

Case No. 3:25-cv-10829-JD

Bankruptcy Case No. 15-31519-DM

**APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE**

**I. INTRODUCTION**

Appellant Jinnie Jinhuei Chang Chao, through newly retained counsel, responds to the Court's September 22, 2026 Order to Show Cause. Dkt. No. 10. She asks the Court not to dismiss the appeal. Ms. Chao filed a timely notice of appeal and paid the fee. Within a week of the bankruptcy clerk's December 31, 2025 notice that the appeal had not been perfected, she prepared a designation of the record, a statement of issues, and a notice that she had requested the trial transcript, and they were filed on January 9, 2026. Dkt. Nos. 4 to 6. She then waited for the notice that starts the briefing schedule. That notice has not issued. The appellant's briefing period begins only when notice is docketed that the record has been sent or is available, Fed. R. Bankr. P. 8018(a)(1), and no such notice appears on this Court's docket. The record was not assembled because Ms. Chao's designation and statement of issues were filed in this Court rather than with the bankruptcy clerk. Dkt. No. 8-1 at 1 to 2. That is a problem of filing location, and it can be

fixed quickly. Ms. Chao has not abandoned her appeal, and no party has been prejudiced. Counsel's notice of appearance is filed with this response, and counsel will complete the designation in the Bankruptcy Court within 14 days. Dismissal would be out of proportion to what has happened.

## II. BACKGROUND

The judgment. Ms. Chao appeals from the judgment the Bankruptcy Court entered after a one-day trial held on November 24, 2025. Bankr. Dkt. No. 471. She appeared at that trial pro se. Nov. 24, 2025 Trial Tr. at 1.

The notice of appeal and scheduling order. Ms. Chao filed a notice of appeal to this Court on December 10, 2025. Bankr. Dkt. No. 474. The clerk marked the entry defective because the fee had not been paid, and Ms. Chao paid the $298 fee five days later. *Id.*; Bankr. Dkt., entry of Dec. 15, 2025. The bankruptcy docket noted that transmission of the record to this Court was due by January 9, 2026. Bankr. Dkt. No. 474. This Court's scheduling order set the appellant's principal brief at "30 days after notice filed on this District Court's docket that the record is available electronically." Dkt. No. 2.

The designation and statement of issues. On December 31, 2025, the bankruptcy clerk served a Notice of Failure to Perfect Appeal. Bankr. Dkt. No. 481. The service entries for that notice and a later notice regarding the unperfected appeal list Ms. Chao's former lawyers, including Bernard Kornberg, as the attorneys for the appellant. Bankr. Dkt. Nos. 481, 487. Mr. Kornberg has appeared in this Court as counsel for Miller Nash LLP. Dkt. No. 3.[1] Ms. Chao signed a designation of record, a statement of issues, and a

[1] Ms. Chao refers to Miller Nash LLP by name because it has appeared in this Court. Dkt. No. 3. She does not concede that Miller Nash LLP is a proper party to the proceedings below or to this appeal, and she reserves that issue.

notice regarding her transcript order on January 6, 2026, mailed them on January 8, and they were filed on January 9. Dkt. Nos. 4, 4-1, 5, 6; Chao Decl. ¶ 6. Her cover letter said the filings were "submitted to cure the Notice of Failure to Perfect Appeal dated December 31, 2025." Dkt. No. 4-2. The papers were filed in this Court, however, rather than with the bankruptcy clerk. Ms. Chao understood from the bankruptcy clerk that, once these papers were filed, the next step would be a briefing schedule from this Court. Chao Decl. ¶ 5.

The Bankruptcy Court first recommended dismissal. Dkt. No. 7-2. The same day, the bankruptcy docket showed an acknowledgment of an appeal to the Bankruptcy Appellate Panel, later marked "Entered in error. Please disregard." Bankr. Dkt. No. 485. The next day, the Bankruptcy Court withdrew its recommendation because it appeared that Ms. Chao "had erroneously filed" those documents with this Court and not with the bankruptcy clerk. Dkt. No. 8-1 at 1 to 2. Miller Nash LLP then filed a counter-designation in the Bankruptcy Court, noting that the designations "were filed in the District Court, rather than the Bankruptcy Court proceeding out of which the appeal arises." Dkt. No. 9-1 at 1 n.1.

<u>The transcript.</u> Ms. Chao told this Court on January 9, 2026, that she had requested the trial transcript and would supplement the record when she received it. Dkt. No. 6. She filed a transcript order form for the trial with the bankruptcy clerk on April 8, 2026. Bankr. Dkt. No. 496. The transcript was filed on April 24, 2026. Bankr. Dkt. No. 498. Under the Bankruptcy Court's notice, remote electronic access to it was restricted through July 23, 2026. Bankr. Dkt. No. 498-1.

<u>This Court's docket.</u> The last entry before the Order to Show Cause is the January 28, 2026 transmittal of Miller Nash LLP's counter-designation. Dkt. No. 9. No notice that the record has been sent or is available electronically appears on the docket. The two January transmittals cited in the Order to Show Cause, Dkt. Nos. 7 and 8, did not send the record. The first forwarded the notice of appeal and the Bankruptcy Court's recommendation to dismiss the appeal as unperfected, and the second forwarded the withdrawal of that recommendation. Dkt. Nos. 7, 7-2, 8, 8-1. No party has moved to dismiss. Dkt. Nos. 1 to 9.

<u>Retention of counsel.</u> Ms. Chao has now retained counsel, who appear through this response and a notice of appearance filed with it.

**III. ARGUMENT**

**A. Dismissal is discretionary, and it requires weighing lesser measures.**

A timely notice of appeal is the only step that controls an appeal's validity. An appellant's "failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). Rule 8018(a)(4) likewise provides that the court "may" dismiss on its own after notice when a brief is not timely filed.

When a court considers sanctions for a non-jurisdictional procedural default, "the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault." *Myers v. Shekter (In re Hill)*, 775 F.2d 1385, 1387 (9th Cir. 1985). "Absent such consideration, there is an abuse of discretion." *Id.* The court must

consider the impact of the sanction, the alternatives to it, and the relative culpability of the appellant and counsel. *Ehrenberg v. Cal. State Univ. (In re Beachport Ent.)*, 396 F.3d 1083, 1087 (9th Cir. 2005). Unless there are egregious circumstances, "the district court must, as the general rule requires, explicitly consider relative fault and alternative sanctions." *Fitzsimmons v. Nolden (In re Fitzsimmons)*, 920 F.2d 1468, 1474 (9th Cir. 1990). For that reason, "a procedural violation of a bankruptcy rule alone is generally an insufficient basis for granting a motion to dismiss an appeal." *Medina v. Poel*, No. 1:14-cv-01302, 2014 U.S. Dist. LEXIS 175684, at *4 (E.D. Cal. Dec. 18, 2014) (citing *In re Fitzsimmons*, 920 F.2d at 1472).

Where delay is the concern, the Ninth Circuit weighs five factors: the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the opposing party, the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1222 (9th Cir. 2006). Each factor is addressed in Part C below.

**B. The briefing schedule never began.**

Rule 8018(a)(1) provides that the appellant "must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically." Fed. R. Bankr. P. 8018(a)(1). The bankruptcy clerk sends the record or that notice "when the record is complete," and this Court's clerk then "must enter that information on the docket and promptly notify all parties to the appeal." Fed. R. Bankr. P. 8010(b)(1), (3). The local rule is to the same effect: on receiving the record, the Clerk

"shall immediately docket it in the case in which the notice of appeal was filed and give notice to all parties to the appeal of the briefing schedule." N.D. Cal. B.L.R. 8009-1(a). This Court's scheduling order uses the same trigger. Dkt. No. 2. No such notice has been docketed. Dkt. Nos. 1 to 9.

Ms. Chao does not offer this point to shift responsibility. The appellant must "file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). Hers were filed in this Court instead. Dkt. No. 8-1 at 1 to 2. And although she told this Court in January that she had requested the transcript, her transcript order form was not filed with the bankruptcy clerk until April 8, 2026, later than Rule 8009(b)(1) contemplates. Dkt. No. 6; Bankr. Dkt. No. 496. But the point bears on the sanction. What happened here is an incomplete record, not a missed briefing deadline.

**C. Each of the dismissal factors weighs against dismissal.**

Expeditious resolution and the Court's docket. The delay is real, and Ms. Chao does not minimize it. But it arose while the record was being assembled, before any briefing period began to run, and it can be ended promptly. Counsel will cure the designation within 14 days, and the Court can fix the briefing schedule. Rule 8018(a) allows the court to set a different briefing time by order in a particular case.

Prejudice. No party has moved to dismiss. Dkt. Nos. 1 to 9. Miller Nash LLP filed its own counter-designation to preserve its position. Dkt. No. 9-1 at 1 n.1. The trial transcript is on file in the Bankruptcy Court. Bankr. Dkt. No. 498. The Bankruptcy Appellate Panel has declined to dismiss over a late filing in the record process where the appellee suffered no prejudice and the appellants, who were represented by counsel, had

not been shown to be at fault. *Turner v. Marshack (In re Turner)*, 186 B.R. 108, 113 (B.A.P. 9th Cir. 1995) (declining to dismiss "on the basis of untimely statement of issues"); *see also Abadonato v. Stuart (In re Stuart)*, 88 B.R. 247, 249–50 (B.A.P. 9th Cir. 1988) (reversing a dismissal for failure to prosecute where there was no warning, no consideration of lesser sanctions, and no prejudice).

<u>Disposition on the merits.</u> The appeal presents a genuine question. Among the issues Ms. Chao identified is whether the Bankruptcy Court abused its discretion "by denying Appellant repeated requests for time to secure new counsel." Dkt. No. 5. The court denied two requests to continue the trial, Bankr. Dkt. Nos. 454, 465, and at trial told her, "You don't have a right to counsel, ma'am," explaining that "[t]his is a civil matter," that she had "a choice to select counsel," and that she had "asked several times for a continuance." Nov. 24, 2025 Trial Tr. at 4:8 to 13. Ms. Chao does not argue the merits here. The point is only that there is a real appeal to decide.

<u>Less drastic measures.</u> Lesser measures are available and sufficient: an order completing the record and a firm briefing schedule. In *Beachport*, the Ninth Circuit reversed a dismissal as "inappropriately harsh in relation to the harm that was actually caused." *In re Beachport Ent.*, 396 F.3d at 1088. And where a district court issued an order to show cause in a pro se bankruptcy appeal over a missing transcript, the appellant supplied it and the court decided the appeal. *Zapata v. Nationstar Mortg. LLC*, No. CV 15-4028-DMG, 2016 U.S. Dist. LEXIS 125138, at *6 (C.D. Cal. Sept. 14, 2016). The same course is available here, and Rule 8009(g) supplies the mechanism: every party must take "any other action needed to enable the bankruptcy clerk to assemble and send the record." Fed. R. Bankr. P. 8009(g).

**D. There was no bad faith, and *Fitzsimmons* and *Aspen Healthcare* are distinguishable.**

The filing-location problem arose while a self-represented litigant was working through an unfamiliar process. The bankruptcy docket still listed her former lawyers, including the lawyer who now represents Miller Nash LLP, as her counsel on the appeal notices. Bankr. Dkt. Nos. 481, 487. The docket also briefly reflected an appeal to a different tribunal. Bankr. Dkt. No. 485. Even so, she acted within days of the December 31 notice, told the Court she was curing it, and later ordered the trial transcript, which was filed. Dkt. Nos. 4-1, 4-2; Bankr. Dkt. Nos. 496, 498. The Bankruptcy Court withdrew its dismissal recommendation after it learned of those filings. Dkt. No. 8-1.

This is not *Fitzsimmons*. There, the appellant caused three years of delay and then "apparently misrepresented the facts to the district court" when asked to explain it. The court called that "clearly bad faith conduct." *In re Fitzsimmons*, 920 F.2d at 1472. Nothing in the record suggests bad faith here. Nor is this *Aspen Healthcare*. There, the district court had docketed the record and issued a notice of briefing, granted an extension that the appellant then missed, and issued an order to show cause, and the appellants still had filed neither a designation of record nor a brief. *Tahoma Denali Props., LLC v. Schoenmann (In re Aspen Healthcare, Inc.)*, 265 B.R. 442, 444–46 (N.D. Cal. 2001). Here, no record notice or briefing notice issued, no extended deadline was missed, and Ms. Chao filed a designation, though in the wrong court, within days of learning one was required. Even *Aspen Healthcare* recognized that a procedural violation of a bankruptcy rule alone is not a sufficient basis to dismiss. *Id.* at 447.

**E. The Court may accept the late designation.**

Rule 9006(b)(1)(B) governs a filing made after its deadline. It allows the court to extend the time to act "on motion made after the specified period expires" if "the failure to act within that period resulted from excusable neglect." Fed. R. Bankr. P. 9006(b)(1)(B). Whether neglect is excusable turns on equity. The determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Those circumstances include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

*Pioneer* observed that inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect. *Id.* at 392. But the Ninth Circuit has rejected a per se rule against excusing a pro se litigant's failure to follow court rules. It held that such a per se rule cannot survive *Pioneer*, and that excusing such a mistake "is by no means foreclosed." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam). The factors favor Ms. Chao. Nothing in the record shows prejudice to any party. The designation was due December 24, 2025, and she filed one in this Court on January 9, 2026. Dkt. No. 7-2 at 2; Dkt. Nos. 4 to 6. The reason was a filing in the wrong court, made in response to the clerk's notice and in an effort to comply. Dkt. No. 4-2. Ms. Chao then waited, as she understood from the bankruptcy clerk she should, for a briefing schedule from this Court. Chao Decl. ¶¶ 5, 8. Nothing suggests bad faith. The Ninth Circuit has upheld a district court's decision to let a bankruptcy appeal proceed

despite an untimely designation of record and issues, holding, where the untimely designation was the fault of counsel rather than the client, that "the district court was well within its discretion to permit Fehl's appeal to go forward." *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 706–07 (9th Cir. 1986). In the alternative, where anything material is omitted from the record by error or accident, the Court may correct the omission itself. Fed. R. Bankr. P. 8009(e)(2)(C).

This response addresses only the Order to Show Cause. Ms. Chao reserves all issues on appeal.

**IV. RELIEF REQUESTED**

Ms. Chao asks the Court to:

1. Discharge the Order to Show Cause and restore the appeal to active status.
2. Find that Appellant's failure to file her designation of the record and statement of issues with the bankruptcy clerk resulted from excusable neglect under Rule 9006(b)(1)(B), and either deem Dkt. Nos. 4 to 6 filed with the bankruptcy clerk or permit Appellant to file them there within 14 days, after which the bankruptcy clerk will send the record under Rule 8010(b)(1).
3. Set Appellant's principal brief as due 30 days after notice is docketed that the record is available, under Rule 8018(a)(1) and the scheduling order, or on another date the Court sets under Rule 8018(a).

**V. CONCLUSION**

The appeal stalled because a self-represented appellant filed the right papers in the wrong court and the briefing clock never started. Counsel now appears and proposes a

concrete path forward. Ms. Chao asks the Court to discharge the Order to Show Cause and enter the schedule above.

Dated: October 9, 2026.

Respectfully submitted,

s/ Corey Parker
APPELLATE COUNSEL, PC
Attorney for Appellant Jinnie Jinhuei Chang Chao

**CERTICATE OF SERIVCE**

I hereby certify that I electronically filed the foregoing APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE with the Clerk of the Court by using the U.S. District Court of California Northern District CM/ECF system on October 9, 2026.

I further certify that service was made upon all active case participants registered with the CM/ECF system.

s/ Corey Parker
APPELLATE COUNSEL, PC
Attorney for Appellant Jinnie Jinhuei Chang Chao